# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| FRANK M. PECK, | ) | 2:12-CV-01495-GMN-PAL |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| JAMES G. COX, et al., | ) | |
| Defendant. | ) | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, filed a complaint in state court which defendants removed. The most recent amended complaint alleges violations of plaintiff's First Amendment rights to access the courts. The amended complaint was recently screened by the Court and the matter was ordered into the prisoner mediation stay for a period of 90-days. ECF No. 17. Plaintiff has filed a Motion for Temporary Restraining Order (ECF No. 18) and a motion for Preliminary Injunction (ECF No. 19). These motions are ripe for review by the court without a response from defendants. Plaintiff's Motion to Amend (ECF No. 20) must await defendants' response.[1]

**I.    Motions for Injunctive Relief**

Plaintiff's motions for temporary restraining order and for preliminary injunction address construction projects in the prison showers which, according to the motion, are exposing the inmates

---

[1] The motion to amend does not address the deficiencies which are discussed in this Order. Plaintiff seeks to correct deficiencies in his amended complaint which the Court noted in its most recent screening order and makes no reference to the allegations contained in the instant motions related to exposure to toxic substances.

housed in Unit 6(d) to "friable asbestos" through welding activities done to "fabricate [ ] steel parts." Motion at 3.

A preliminary injunction may be granted only when the "intermediate relief [is] of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220, 65 S.Ct. 1130 (1945); *see also Johnson v. Couturier*, 572 F.3d 1067, 1084 (9th Cir.2009) (noting that injunction was inappropriate in *DeBeers* because the court lacked jurisdiction); *see also Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir.1997) (court should not issue an injunction if injunction deals with a matter lying wholly outside the issues in the underlying action); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994) (to obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

Where the allegations in the motion for temporary restraining order are completely unrelated to the allegations contained in the amended complaint, the Court must deny the motions and instruct plaintiff to commence a separate action placing the allegations of harmful exposure to toxic substances before the Court in a proper context.

**IT IS THEREFORE ORDERED** that plaintiff's motions for temporary restraining order and preliminary injunction (ECF Nos. 18 and 19) are **DENIED.**

**DATED** this 6th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge

2