UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK M. PECK,<br><br>      Plaintiff,<br><br>vs.<br><br>JAMES G. COX, et al.,<br><br>      Defendants. | Case No. 2:12-cv-01495-GMN-PAL<br><br>**ORDER**<br><br>(Mtn to Refile - Dkt. #44) |

  This matter is before the court on Plaintiff's Motion to Refile ECF Nos. 19, 29, and 30 (Dkt. #44) filed June 5, 2013. The court has considered the Motion and Defendants McDaniel's, Williams', Wickham's, and Clarkson's (the "AG Defendants") Responses (Dkt. ##46-48).[1]

  Plaintiff is a prisoner who is proceeding in this case in forma pauperis and pro se. This case was filed in state court and removed by Defendants to federal court on August 23, 2012. On September 26, 2012, the court screened Plaintiff's Complaint (Dkt. #10) pursuant to 28 U.S.C. §1915(a). *See* Screening Order (Dkt. #9). The court dismissed Plaintiff's Complaint with leave to file an amended complaint. Plaintiff filed an Amended Complaint (Dkt. #14) on October 19, 2012. The court screened the Amended Complaint on February 19, 2013. *See* Screening Order (Dkt. #17).

  This case was referred to the Inmate Mediation Program, and the court stayed the case and denied all pending motions without prejudice. *See* Screening Order (Dkt. #17); Order (Dkt. #21). On May 10, 2013, a mediation was held. *See* Order (Dkt. #38). The matter did not resolve, and on June 13, 2013, the Attorney General's Office accepted service on behalf of some of the AG Defendants–namely, Defendants McDaniel, Williams, Wickham, and Clarkson. *See* Acceptance of

---

 [1]Defendants' Responses are not actually responses to Plaintiff's Motion to Refile. Although they were filed as such, they actually respond to the underlying motions Plaintiff seeks leave to refile. The AG Defendants have not opposed Plaintiff's Motion to Refile itself.

Service (Dkt. #45). However, the Responses (Dkt. ##46-48) were filed by the Attorney General on behalf of all the AG Defendants. It appears the only Defendants the Attorney General has not appeared for are Associate Warden/Grievance Coordinator Cheryl Burson and Southern Desert Correctional Center Law Librarian Rashonda.

Plaintiff now seeks leave to refile a Motion for Preliminary Injunction (Dkt. #19), a Motion for an Order Instructing Marshal to Serve Summons (Dkt. #29), and Second Motion to Extend Time to Serve Unserved Defendants (Dkt. #30). The AG Defendants have not opposed Plaintiff's request to refile these Motions, and it will, therefore be granted, and the court will decide the service motions.

The Motion to Serve and the Motion to Extend Time to Serve seek an extension of time to have the U.S. Marshal's Service serve Defendants Burson and Rashonda. The AG Defendants oppose the requests, asserting Plaintiff has already been granted one extension by the court that expired on April 22, 2012. However, Plaintiff did not know who the unserved Defendants were until the Attorney General filed an Acceptance of Service (Dkt. #45) on June 13, 2013. The Attorney General's first Acceptance of Service (Dkt. #23), filed March 12, 2013, is a "Limited Notice of Appearance Solely for the Purpose of Discussing Settlement." Plaintiff could not possibly have known until June 13, 2013, who the unserved Defendants were.[2] Accordingly, Plaintiff's Motions will be granted, and Plaintiff will be permitted additional time to have the U.S. Marshal's Service effect service Defendants Rashonda and Burson.

For the foregoing reasons,

**IT IS ORDERED:**

1. Plaintiff's Motion to Refile (Dkt. #44) is GRANTED.
2. The Clerk of the Court shall refile Plaintiff's Motion for Preliminary Injunction (Dkt. #19), Motion for Order Instructing Marshal to Serve Summons (Dkt. #29), and Second

---

[2] In fact, it was not until June 24, 2013, when the Attorney General appeared on behalf of all the AG Defendants in the Responses, that Plaintiff would have been aware the Attorney General represented all the AG Defendants, as the Acceptance of Service filed on June 13, 2013, only applied to four of those Defendants.

Motion to Extend Time to Serve Unserved Defendants (Dkt. #30) as of the date of this Order.

3. Plaintiff's Motion for Order Instructing Marshal to Serve Summons (Dkt. #29) is GRANTED.

4. Plaintiff's Second Motion to Extend Time to Serve Unserved Defendants (Dkt. #30) is GRANTED.

5. The Clerk of the Court shall re-issue Summons to Defendants Burson and Rashonda and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

Dated this 5th day of July, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3