UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Frank M. Peck, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cv-01495-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| James G. Cox, *et al*. ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion for Temporary Restraining Order (ECF No. 50), and Motion for Preliminary Injunction (ECF No. 51), filed by pro se Plaintiff Frank M. Peck. Also pending is the Motion for Temporary Restraining Order (ECF No. 52) and Motion for Preliminary Injunction (ECF No. 53) filed by non-party Cody Leavitt.

**I. LEGAL STANDARD**

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp. 2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

1      A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of
2 success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3)
3 that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.
4 *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an
5 extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is
6 entitled to such relief." *Id*. at 22.
7      The Ninth Circuit has held that "'serious questions going to the merits' and a hardship
8 balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming
9 the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v.*
10 *Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

**II. DISCUSSION**

Here, Plaintiff requests that the Court issue an injunction instructing the Nevada Department of Corrections to enter a finding of not guilty to allegedly false and retaliatory charges filed by Correctional Officer Carlos Moran against Plaintiff and Cody Leavitt in an administrative proceeding governed by Nevada Department of Corrections Administrative Regulations.  Plaintiff also requests that the Court issue an order directing the Department of Corrections to provide access to the law library.  Finally, Plaintiff requests an order sanctioning Officer Moran and Warden Dwight Neven.

Having reviewed Plaintiff's pleading and briefing on the motion, the Court cannot find that Plaintiff has satisfied his burden to show a likelihood of success on the merits or serious questions going to the merits sufficient to justify the injunctive relief requested.  Plaintiff has provided no legal authority supporting his argument that he is entitled to the relief requested, and the Court's review of applicable case law reveals none.  Accordingly, Plaintiff's motions must be denied, and the Court need not address the remaining factors.

Finally, the Court finds that the motions filed by Cody Leavitt (ECF Nos. 52, 52) may be

```
```

denied because he is not a party to this action, and he has not been granted leave to appear before the Court in this action as an interested party or intervenor.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order (ECF No. 50), Motion for Preliminary Injunction (ECF No. 51), Motion for Temporary Restraining Order (ECF No. 52) and Motion for Preliminary Injunction (ECF No. 53) are **DENIED**.

**DATED** this 12th day of July, 2013.

_____
Gloria M. Navarro
United States District Judge