# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FRANK M. PECK,                           )
                                         )
                Plaintiff,               )      Case No.: 2:12-cv-01495-GMN-PAL
                                         )
        vs.                              )
                                         )          **ORDER**
JAMES G. COX, *et al*.                   )
                                         )
                Defendants.              )
_____ )

Pending before the Court is the Emergency Motion for Temporary Restraining Order (ECF No. 57), and Emergency Motion for Preliminary Injunction (ECF No. 56), filed by *pro se* Plaintiff Frank M. Peck, who is incarcerated at High Desert State Prison (*See* First Am. Compl., ECF No. 14).

## I.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp.2d 1111, 1126 (E.D. Cal. 2001).  Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing

1    irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose*

2    *Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

3    A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of

4    success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief;

5    (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public

6    interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is]

7    an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

8    entitled to such relief." *Id*. at 22.

9    The Ninth Circuit has held that "'serious questions going to the merits' and a hardship

10   balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming

11   the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v.*

12   *Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

13   **II.    DISCUSSION**

14   Here, Plaintiff requests that the Court issue an injunction "restraining defendants of any

15   further restrictions," in reference to his access to the law library where he is incarcerated.  As

16   with his Motion for Temporary Restraining Order (ECF No. 50) and Motion for Preliminary

17   Injunction (ECF No. 51), filed two days prior to the instant motions, for which the Court

18   entered its ruling on July 12, 2013 (ECF No. 58), Plaintiff requests that the Court issue an order

19   directing the Department of Corrections to provide access to the law library.

20   Having reviewed Plaintiff's pleading and briefing on the motions, the Court cannot find

21   that Plaintiff has satisfied his burden to show a likelihood of success on the merits or serious

22   questions going to the merits sufficient to justify the injunctive relief requested.  Plaintiff has

23   provided no legal authority supporting his argument that he is entitled to the relief requested,

24   and the Court's review of applicable case law reveals none.  Accordingly, Plaintiff's motions

25   must be denied, and the Court need not address the remaining factors.

III.    **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order (ECF No. 57), and Motion for Preliminary Injunction (ECF No. 56) are **DENIED**.

**DATED** this 23rd day of July, 2013.

_____
Gloria M. Navarro
United States District Judge