UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FRANK M. PECK,  )
 )
           Plaintiff, ) Case No.: 2:12-cv-01495-GMN-PAL
vs. )
 ) **ORDER**
JAMES G. COX, *et al*. )
 )
           Defendants. )
 )

Pending before the Court is the Motion for Temporary Restraining Order (ECF No. 65), filed by *pro se* Plaintiff Frank M. Peck, who is incarcerated at High Desert State Prison (*See* First Am. Compl., ECF No. 14).

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp.2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success

1 on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the
2 balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v.*
3 *Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary
4 remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such
5 relief." *Id.* at 22.

6 The Ninth Circuit has held that "'serious questions going to the merits' and a hardship
7 balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the
8 other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*,
9 632 F.3d 1127, 1132 (9th Cir. 2011).

10 **II.    DISCUSSION**

11 Having reviewed Plaintiff's pleading and briefing on the motion, and as discussed below,
12 the Court cannot find that Plaintiff has satisfied his burden to show that immediate and
13 irreparable injury, loss, or damage will result to him before the Nevada Department of
14 Corrections can be heard in opposition. Therefore the Motion for Temporary Restraining Order
15 (ECF No. 65) must be denied.

16 Here, Plaintiff alleges that unlawful disciplinary actions have been taken by the Nevada
17 Department of Corrections against him and inmate Cody Leavitt in retaliation for pursuing this
18 action. (ECF No. 65.) Plaintiff requests an injunction "instructing the Nevada Department of
19 Corrections to enter a finding of **NOT GUILTY** to [his] and [inmate Cody Leavitt]'s false and
20 retaliatory [sic] charges be entered immediately" and that he "be allowed every opportunity that
21 is currently available to access the institutions [sic] law library." (*Id.*)

22 Plaintiff also requests that the Court issue a temporary restraining order "against Officer
23 Carlos Moran and Warden, Dwight Nevin for further acts of retaliation and the sanctioning of
24 same and that the culture of retaliation, degradation and harassment be addressed and ended."
25 (*Id.*)

Retaliation is a serious allegation, particularly where Plaintiff's ability to pursue this litigation is allegedly being restricted. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) (describing "the fundamental constitutional right of access to the courts").

However, inmates are not guaranteed unlimited or unfettered access, and in some contexts even constitutional rights may be restricted by correctional institutions. *See Lewis v. Casey*, 518 U.S. 343 (1996) ("a prison regulation impinging on inmates' constitutional rights 'is valid if it is reasonably related to legitimate penological interests.'").

In fact, courts must take care to accord the judgment of prison authorities with adequate deference, consistent with the principles articulated by the United States Supreme Court. *See Turner v. Safley*, 482 U.S. 78, 88 (1987) ("Subjecting the day-to-day judgments of prison officials to an inflexible strict scrutiny analysis would seriously hamper their ability to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration.").

Accordingly, at this time the Court cannot find that Plaintiff has met his burden to show a likelihood of success on the merits or serious questions going to the merits sufficient to justify the issuance of a temporary restraining order, without allowing the Nevada Department of Corrections to be heard in opposition. The Court will permit the Nevada Department of Corrections to submit briefing on Plaintiff's Motion for Preliminary Injunction (ECF No. 66) in the ordinary course.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order (ECF No. 65) is **DENIED**.

**DATED** this 6th day of August, 2013.

_____
Gloria M. Navarro
United States District Judge