# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Frank M. Peck,

    Plaintiff

v.

E.K. McDaniel, et al.,

    Defendants

Case No.: 2:12-cv-01495-JAD-PAL

**Order Granting Motion for Enlargement of Time [Doc. 96] and Granting Request for Leave to File Answer [Doc. 98]**

    This civil-rights action arises out of pro se prisoner Frank M. Peck's access-to-the-courts and retaliation allegations against five officials in the Nevada Department of Corrections.[1] Defendants E.K. McDaniel, Brian Williams, Harold Wickham, Charlene Clarkson, and Rashonda Smith bring two motions, requesting an extension of time in filing their motion for summary judgment and seeking leave for Defendant Rashonda Smith to file an answer.[2] Having reviewed the record and law, and with good cause appearing, the Court grants both motions.

**Discussion**

**A.  Motion to Extend Time**

    Defendants brought a motion to extend time on February 19, 2014.[3] Under the scheduling

---

[1] Doc. 1.

[2] Docs. 96, 98. The Court finds these motions appropriate for resolution without oral argument. LR 78-2.

[3] Doc. 96.

1

order issued by Magistrate Judge Peggy A. Leen on September 27, 2013, motions for summary judgment were due by January 16, 2014.[4] This Court granted the first requested extension to February 18, 2014, and denied an identical second request as moot.[5] Counsel admits filing the wrong documents in her second request and, with the corrected documents, brings this additional extension request.[6] She argues that "counsel has had multiple filings due in her cases" before other judges and that she needed to review "approximately fifty-six (56) grievances" in the instant case."[7] On this basis, she seeks a 14-day extension to March 4, 2014. The third request for extension—like the second—comes after the February 18, 2014, deadline for dispositive motions.[8]

Under Federal Rule of Civil Procedure 6(b)(1)(B), courts may extend time for good cause after the deadline has expired "on motion made after the time has expired if the party failed to act because of excusable neglect." The Supreme Court has concluded that "[b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' . . . the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.[9] While strongly discouraging missed deadlines in one case, due to pressing deadlines in other cases, the Court recognizes the prejudice inherent in foreclosing the ability to bring a dispositive motion. Further, counsel has sought to comply with the dispositive-motion deadlines in this case and admits the earlier mistake in filing the second extension request. Accordingly, and with good cause appearing, the Court finds excusable neglect and grants the

---

[4] Doc. 87 at 2.

[5] Docs. 93, 95.

[6] Docs. 98.

[7] Doc. 96 at 2.

[8] Docs. 92, 94, 96.

[9] *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814 (9th Cir.1996) (finding *Pioneer* applicable to Rule 6(b))).

extension to March 4, 2014.  Defendants are warned that continued requests for dispositive-deadline extensions, without new cause beyond the reasons already provided, are unlikely to be granted.

**B.     Response to Order to Show Cause and Request for Leave to File Answer**

Defendants also respond to the Court's Order to Show Cause, which directed defense counsel Mercedes Menendez to "clarify[] whether she represents Smith, why Smith has not answered Peck's complaint, and why default should not be entered against" Smith.[10]  Their motion seeks leave of court to file Smith's answer.[11]

Defendants' motion states that Peck filed his amended complaint on October 19, 2012; it was screened on February 19, 2013; and Defendants McDaniel, Williams, Wickham, and Clarkson answered on August 12, 2013.[12]  Counsel was unaware that Defendant Smith was served three days earlier on August 9, 2013; she was out of state for almost the entire time from August 20, 2013 to September 12, 2013, responding to a family medical emergency and subsequent death.[13]  She urges that Plaintiff has not been "prejudiced in any way" because discovery against Defendants has moved forward.[14]  As this Court previously noted, the claim against Smith and the claims against the other Defendants are closely related, along with their potential defenses.[15]  Under the same Rule 6(b) standard for excusable neglect, this Court therefore finds entry of default inappropriate at this time and grants Smith leave to file the answer attached to the Response to Order to Show Cause on or before **March 4, 2014**.[16]

---

[10] Doc. 97 at 12, 25.  This response was timely brought.  *See id.* at 25; see also Doc. 98.

[11] *Id.* at 3.

[12] *Id.* at 2.

[13] *Id.*

[14] *Id.*

[15] *See* Doc. 97 at 11.

[16] Doc. 98-1.

3

**Conclusion**

Accordingly, and with good cause appearing,

It is hereby ORDERED that Defendants' Motion to Extend Time **[Doc. 96] is GRANTED**. The dispositive-motion deadline is hereby extended to **March 4, 2014**.

It is further ORDERED that Defendants' request for leave to file Defendant Rashonda Smith's answer **[Doc. 98] is GRANTED**. Smith's answer must be filed with this Court on or before **March 4, 2014**.

DATED March 3, 2014.

_____
Jennifer A. Dorsey
United States District Judge