1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7   FRANK M. PECK,                              )        Case No. 2:12-cv-01495-GMN-PAL
                                                )
8                          Plaintiff,           )        **ORDER**
                                                )
9   vs.                                         )        (Mtn to Extend and to Compel - Dkt. #90)
                                                )
10  JAMES G. COX, et al.,                       )
                                                )
11                         Defendants.          )
    _____)
12

13         This matter is before the court on Plaintiff Frank M. Peck's Motion to Extend and Compel

14  Discovery (Dkt. #90).  The court has considered the Motion and Defendants James G. Cox's, E.K.

15  McDaniel's, Deborah Lightsey's, Brian Williams', Dwight Neven's, Isidro Baca's, Rashonda Smith's,

16  Harold Wickham's, and Charlene Clarkson's Response (Dkt. #91).

17                                      **BACKGROUND**

18         Plaintiff is a prisoner who is proceeding in this case in forma pauperis and pro se.  This case was

19  filed in state court and removed by Defendants to federal court on August 23, 2012.  On September 26,

20  2012, the court screened Plaintiff's Complaint (Dkt. #10) pursuant to 28 U.S.C. §1915(a).  *See*

21  Screening Order (Dkt. #9).  The court dismissed Plaintiff's Complaint with leave to file an amended

22  complaint.  Plaintiff filed an Amended Complaint (Dkt. #14) on October 19, 2012.  The court screened

23  the Amended Complaint on February 19, 2013.  *See* Screening Order (Dkt. #17).

24         This case was referred to the Inmate Mediation Program, and the court stayed the case and

25  denied all pending motions without prejudice.  *See* Screening Order (Dkt. #17); Order (Dkt. #21).  On

26  May 10, 2013, a mediation was held.  *See* Order (Dkt. #38).  The matter did not resolve, and on June

27  13, 2013, the Attorney General's Office accepted service on behalf of some of the AG

28  Defendants–namely, Defendants McDaniel, Williams, Wickham, and Clarkson.  *See* Acceptance of

Service (Dkt. #45).  On February 28, 2014, defense counsel clarified that she also represented

Defendant Rashonda Smith.  *See* Response to Order to Show Cause (Dkt. #98).

The court entered a Scheduling Order (Dkt. #87), which established a  December 26, 2013

discovery cutoff, and dispositive motion deadline of January 15, 2014.  On February 13, 2014, the

district judge granted a thirty-day extension of the dispositive motion deadline until February 18, 2014,

and also cautioned the parties that "any further extension requests must comply with LR 26-4."

*See* Minute Order (Dkt. #93).  On February 28, 2014, the district judge granted a further extension of

the dispositive motion deadline until March 4, 2014.  Defendants filed a Motion for Summary

Judgment on March 4, 2014, which is currently pending before the district judge.

## DISCUSSION

### I.     The Parties' Positions.

Plaintiff seeks an unspecified extension of the discovery deadline in this case.  He asserts that

good cause exists for the extension because his legal documents were "shuffled" by the Defendants'

agents and officers on November 6, 2013, and he only just located the court's Scheduling Order.

Additionally, Plaintiff asserts he is "as diligent as he can possibly be considering the sheer amount of

litigation he has on his plate."  Motion at 2.  He claims the "assault on his ability to litigate is believed

to be retaliatory" for his failure to settle another case.  Plaintiff also seeks an order compelling

Defendants to respond to discovery.  He represents that he served written discovery on Defendants

October 16, 2013, but they did not mail their responses until November 18, 2013.

With respect to Plaintiff's Requests for Production of Documents, he asserts that Defendants

have misconstrued Plaintiff's requests as attempts to obtain confidential information about other

inmates when he only seeks relevant records concerning him personally.  He contends the Defendants

have not made a good faith effort to obtain anything for him.  With respect to Plaintiff's Requests for

Admissions, he asserts that Defendants have not specifically stated they made a reasonable inquiry and

have not complied with Rule 36(a) of the Federal Rules of Civil Procedure.

In response, Defendants assert Plaintiff's Motion to Compel must be denied because he did not

comply with Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure or Rule 26-7 of the Local Rules

of Civil Practice, both of which require a party to meet and confer in good faith before bringing a

discovery motion.  With respect to Plaintiff's request to extend the discovery deadlines, Defendants contend that Plaintiff has not complied with the court's Scheduling Order (Dkt. #87) or Rule 26-4 of the Local Rules of Civil Practice because he has not outlined a specific description of the discovery that remains to be completed or a proposed schedule to complete it.

**II.**     **Applicable Law and Analysis.**

    **A.**     **Motion for Extension of Discovery.**

    Plaintiff seeks an extension of time to complete discovery.  The court's Scheduling Order outlined the procedures to follow in seeking such an extension.  It provided that pursuant to LR 26-4, an extension of the discovery deadline will not be allowed without a showing of good cause.   The Order also required that the motion or stipulation include:

    (i)    A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

    (ii)    A specific description of the discovery which remains to be completed;

    (iii)    The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

    (iv)    A proposed schedule for the completion of all remaining discovery.

    Plaintiff's Motion does not comply with these requirements, and the request for an extension of discovery will be denied.

    **B.**     **Motion to Compel.**

    Plaintiff has not complied with the meet and confer requirement imposed by LR 26-7 and Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure.  As a general rule, parties with discovery disputes are required to conduct personal, two-way communication to attempt to resolve their disputes without court intervention. Where one of the parties is a prisoner, the court does not require in-person meetings and allows the prisoner and defense counsel to meet and confer by telephone or by exchanging letters. Although the format of the meet-and-confer process changes, the substantive requirement remains the same–namely, the parties must engage in a good faith effort to meet and confer in a good faith effort to resolve the dispute before seeking court intervention.   LR 26-7(b) provides that a motion to compel "will not be considered unless a statement of the movant is attached thereto certifying that, after

personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without the Court's intervention."  Plaintiff has not complied with these requirements.

Plaintiff's conclusory and unsupported arguments that the defendants have "shuffled his papers," in retaliation for not settling another case do not establish good cause for the requested relief.

For these reasons

**IT IS ORDERED** that Plaintiff's Motion to Extend and Compel (Dkt. #90) is DENIED.

Dated this 27th day of March, 2014.


_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE