UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Frank M. Peck,

    Plaintiff

v.

Cox et al,

    Defendants

2:12-cv-01495-JAD-PAL

Order Denying Plaintiff's Rule 60 Motion for Relief from Judgment [Doc. 120], Motion for in Camera Inspection of Documents [Doc. 121], and Motion for Status Check [Doc. 127]

    This civil-rights action concerned pro se prisoner Frank M. Peck's access-to-the-courts and retaliation allegations against officials in the Nevada Department of Corrections (NDOC).[1] Defendants E.K. McDaniel, Brian Williams, Harold Wickham, Charlene Clarkson, and Rashonda Smith moved for summary judgment on all of Peck's claims, arguing, *inter alia*, that Peck failed to sue them in their individual capacities in his amended complaint.[2] Peck referred in his response to pages "2A and 2B" of his complaint, which he claimed showed that he had sued all of these defendants in their individual capacities; however, he failed to attach these pages to his motion, show where in the record they could be found, or even request leave to amend his complaint to add them.[3]

    On December 1, 2014, I granted defendants' motion for summary judgment on all claims.[4] I noted that, as to those defendants whom Peck explicitly sued in their individual capacities, all claims had been dismissed in the screening order, and that Peck chose not to name any remaining defendants in their individual capacities in his amended complaint.[5] Citing *Shoshone-Bannock*

---

[1] *See* Doc. 14 (amended complaint).

[2] Doc. 101.

[3] *See* Doc. 104 at 2.

[4] Doc. 113.

[5] *Id.* at 5–6 (citing, e.g., Doc. 17 at 8).

Page 1 of 4

*Tribes v. Fish & Game Comm'n, Idaho*,[6] I remarked that "the defendants as to whom Peck's caption is silent on the issue of official- or individual-capacity status can assume as a matter of law that they were only sued in their official capacities."[7] Based on this authority, I found that Peck had sued the remaining defendants only in their official capacities.[8] I disposed of Peck's claims against these defendants, ordered the Clerk of Court to enter judgment accordingly, and closed the case.

Ten days later, Peck filed a "petition for rehearing," seeking reversal of my order under Civil Rule 60(b)(1).[9] Peck argued that he had attempted to sue the remaining defendants in their individual and official capacities.[10] He attached for the first time pages "2A" and "2B" which, he implies, formed part of his amended complaint.[11] These pages listed defendants McDaniel, Williams, Wickham, and Smith with boxes checked to indicate that they are sued in their individual capacities.[12]

Rule 60(b)(1) allows a judge to grant relief from a final judgment due to "mistake, inadvertance, surprise, or excusable neglect." Courts in this circuit consider four factors when ruling on these motions: "the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."[13] After considering these factors, I found that Peck had not demonstrated excusable neglect for failing to offer pages 2A and 2B at an earlier stage in the ligation. I noted that "Peck waited until he received an unfavorable ruling on his claims to try again and actually produce the

---

[6] *Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1285 (9th Cir. 1994).

[7] Doc. 113 at 5.

[8] *Id.* at 5–6.

[9] Doc. 115.

[10] Doc. 115 at 2.

[11] *Id.* at 10–11.

[12] *Id.*

[13] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

'missing' pages of his amended complaint."[14] Accordingly, I denied Peck's motion for rehearing.[15]

On March 9, 2015, Peck filed this second motion for relief, seeking reversal of my previous orders entering judgment against him and denying his motion for rehearing under Rule 60(b)(3).[16] Peck again argues that he attempted to sue these defendants in their official and individual capacities. For the first time, however, Peck contends that "the Defendants maliciously removed (3) pages from [his] 1st amended complaint."[17] Peck also filed a motion for in camera inspection of documents,[18] to which he attached two copies of his amended complaint with pages 2A and 2B included.

Under Rule 60(b)(3), Peck must prove by clear and convincing evidence that my orders were obtained through fraud, misrepresentation, or other misconduct, and establish that this conduct prevented him from fully presenting his case.[19] Further, the fraud must "not [have been] discoverable by due diligence before or during the proceeding, and [it must have been] materially related to the submitted issue."[20] I find that Peck has not satisfied this burden.

First, Peck has not proffered "clear and convincing evidence" of fraud. He conclusively alleges that he "discovered" that defendants removed pages from his amended complaint following my order denying his petition for rehearing. Second, even if Peck had offered clear and convincing evidence that defendants removed pages from his complaint, Peck has not shown that this was not discoverable much earlier by due diligence. Peck had ample notice and opportunity to recognize that these pages had been removed (assuming they were removed) and seek leave of court to amend his complaint to include them; he never did so. Defendants argued in their motion for summary

---

[14] Doc. 119 at 3.

[15] *Id.*

[16] Doc. 120.

[17] *Id.* at 2.

[18] Doc. 121 at 1.

[19] *See Jones v. Aero/Chem. Corp.*, 921 F.2d 875, 878 (9th Cir. 1990).

[20] *Pacific & Arctic Ry. And Nav. Co. v. United Transp. Union*, 952 F.2d 1114 (9th Cir. 1991).

judgment that Peck had failed to sue them in their individual capacity. In their reply in support of that motion, the defendants again point out that while the "individual capacity" box had been checked for other officers, none of the remaining defendant officers were listed as being sued in their individual capacity.[21] This should have put Peck on notice that pages 2A and 2B had not been filed.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Judgment **[Doc. 120] is DENIED.**

IT IS FURTHER ORDERED that plaintiff's Motion for in Camera Inspection of Documents **[Docs 121]** and Motion for Status Check **[Doc. 127]** are **DENIED** as moot. This case has been closed. No further motions for reconsideration will be entertained.

Dated this 24th day of August, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[21] Doc. 105 at 2.